UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CAUSE NO. 4:18-CR-368 |
| | § | |
| SCOTT BREIMEISTER (02) | § | |

**DEFENDANT BREIMEISTER'S RESPONSE TO THE GOVERNMENT'S**
**NOTICE REGARDING AN ADVICE-OF-COUNSEL DEFENSE**

TO THE HONORABLE ALFRED H. BENNETT:

Defendant Scott Breimeister files this response to the Government's notice regarding the assertion of an advice-of-counsel defense (Doc. 351):

The Government contends that Breimeister's opening statement (by Mr. Cogdell) and Swiencinski's cross-examination of the first Government witness, Terry Brickman, demonstrated their intent to assert an advice-of-counsel defense. Breimeister disagrees that he has opened that door at this time.

First, regarding Swiencinski's cross-examination of Brickman with GX 1049, the Government introduced that exhibit on direct examination of Brickman. The exhibit contains an email that included a person named Gil Ganucheau. Swiencinski asked Brickman if he knew that Ganucheau was "the health care compliance expert and a former prosecutor who was advising the company on this issue." Brickman replied that he did not know. There is no evidence before the jury that Ganucheau was advising Swiencinski or Breimeister as legal counsel. The Government cannot

1

properly introduce evidence and then argue that its own evidence opened the door to an advice-of-counsel defense that waives the attorney-client privilege. Even if the question opened the door to anything, it did so only as to Swiencinski only, not as to Breimeister.

The Government claims that defense counsel are "partially" asserting privilege. Doc. 351 at 2, n.3. Breimeister has not asserted any claim of privilege over any attorney-client communications. To the contrary, he withdrew any assertion of privilege over the "filter team" documents, and he has produced other such communications as exhibits to the Government. The company (Pharms) has asserted the privilege, not Breimeister. Breimeister simply contends that he has not done anything to waive the privilege beyond the filter team documents.

The Government also claims that one of the Pharms' shareholders, Leonard Carr—who is a cooperating Government witness—"has not asserted privilege over those materials." Doc. 351 at 3, n.4. That appears to be inaccurate. Carr produced his handwritten company notes to the Government and redacted portions of those notes. Breimeister believes the redactions contain privileged communications. The Government cannot properly use a cooperating witness who is a company shareholder to waive the company's privilege.

Regarding Mr. Cogdell's opening statement, he explained Breimeister's role at the company. Breimeister did not validate or fill prescriptions or bill insurance

2

claims. Rather, a large part of his job was to work with lawyers. He approved payments for that work. Statements that Mr. Cogdell made to that effect explained what responsibilities Breimeister had at the company, not *why* he took any particular action or made any particular decision. Mr. Cogdell did not assert that Breimeister engaged in any particular conduct *because* a lawyer said that he could do so.

It is rich for the Government to contend that Breimeister has no basis to assert that he relied in good faith on the advice of counsel, but in the next breath to ask the Court to order him to provide full reciprocal discovery regarding any advice that he received from counsel. If the Government is going to argue that such evidence is inadmissible, it should not be entitled to preview and possess that evidence. If the Government receives that evidence, successfully prevents Breimeister from using any of it that favors him, but then uses any of it that harms him, then counsel for Breimeister will have been ineffective in opening the door to the issue. Counsel certainly did not intend to allow the Government to obtain evidence that it otherwise could not have obtained and then to use that evidence to harm Breimeister. That is a dangerous road for the Court to travel.

At this time, the Court should deny the Government's request for an order that attorney-client privilege has been waived and for Breimeister and Swiencinski to provide full reciprocal discovery to the Government of all attorney-client communications.

Respectfully submitted,

*/s/ Josh Schaffer*

Josh Schaffer
State Bar No. 24037439
1021 Main, Suite 1440
Houston, Texas  77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

*/s/ Dan Cogdell*

Dan Cogdell
State Bar No. 04501500
811 Main Street, Suite 2900
Houston, TX 77002
713.437.1869
713.437.1810 facsimile)
dcogdell@joneswalker.com

Attorneys for Defendant
SCOTT BREIMEISTER

## CERTIFICATE OF SERVICE

I served a copy of this document on all parties by electronic service on November 13, 2022.

*/s/ Josh Schaffer*

Josh Schaffer