IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § Case No. 4:18-CR-00368 |
| | § |
| SCOTT BREIMEISTER (02) | § |

**BREIMEISTER'S OPPOSED MOTION TO WITHDRAW THE ORDER DENYING HIS DOUBLE JEOPARDY MOTION AND TO CONDUCT A HEARING ON THE DOUBLE JEOPARDY ISSUE, AND HIS UNOPPOSED MOTION TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE DOUBLE JEOPARDY ISSUE**

TO THE HONORABLE ALFRED H. BENNETT:

Defendant Scott Breimeister files this opposed motion to withdraw the order denying his Double Jeopardy motion and to conduct a hearing on the Double Jeopardy issue, and his unopposed motion for the Court to make findings of fact and conclusions of law on his motion to bar a retrial based on Double Jeopardy, and would show as follows:

I.

Breimeister filed an opposed motion to bar a retrial based on Double Jeopardy on March 22, 2023 (Doc. 428). To date, the Government has not filed a response.

The Court conducted a status conference on April 4, 2023. The stated purpose of the conference was for the Government to report back to the Court and the defendants on the status of its internal investigation into the misconduct of the trial team that resulted in the *sua sponte* declaration of a mistrial. During the status conference, the Court specifically told counsel that it would *not* hear oral argument on the Double Jeopardy motion.[1]

---

[1] The Court instructed the defendants to limit their oral arguments to responding to the Government's presentation and identifying any issues that the Court may have missed during its questioning of the lead prosecutor. Breimeister focused his oral argument on why the Government's presentation reinforced the need for an evidentiary hearing on his motion to dismiss the superseding indictment based on outrageous governmental misconduct.

1

At the conclusion of the status conference, the Court orally denied the motion to bar a retrial based on Double Jeopardy and announced that it was taking all other requests for relief under advisement.[2] The Government asked for the opportunity to file a response to the Double Jeopardy motion, but the Court noted that the Government had plenty of time to do so and had not filed anything before the status conference. Breimeister asked the Court to find that the Double Jeopardy motion was not frivolous, but the Court refused to make any findings at that time.

II.

Breimeister moves that the Court withdraw its oral order denying his Double Jeopardy motion, conduct a hearing on the Double Jeopardy motion, and make findings of fact and conclusions of law regarding the Double Jeopardy issue. He made a prima facia, nonfrivolous showing of prior jeopardy, which shifted the burden of persuasion to the Government to show by a preponderance of the evidence that the Constitution does not bar a retrial under the circumstances presented. *See United States v. Stricklin*, 591 F.2d 1112, 1117-19, 1124-25 (5th Cir. 1979) (adopting procedures for district courts to resolve Double Jeopardy claims and placing burden of persuasion on Government once defendant makes facially nonfrivolous jeopardy claim). The Court did not follow any of the *Stricklin* procedures.

Specifically, Breimeister raised a nonfrivolous claim that the Double Jeopardy Clause bars a retrial because (1) after jeopardy attached in the first trial, (2) the Court discovered that the Government had engaged in misconduct, (3) that caused the Court to declare a mistrial *sua sponte*, (4) over Breimeister's written opposition. That prima facia showing shifted the burden of persuasion to the Government, which has not shown by a preponderance of the evidence that a retrial would *not* violate Double Jeopardy. Indeed, the Government has not even responded to the

---

[2] To date, the Court has not entered a written order denying the Double Jeopardy motion. Breimeister asks that the Court issue a written order along with written findings and conclusions.

motion, let alone met its burden.

Breimeister objects to the Court's denying his Double Jeopardy motion without conducting a *Stricklin* hearing on the motion at which the Government had the burden of persuasion to show by a preponderance of the evidence that a retrial is *not* barred by jeopardy. The Court should withdraw its oral order denying the motion, order the Government to respond to the motion, and conduct a hearing on the motion. *See, e.g., United States v. Angleton*, 221 F.Supp.2d 696, 703, 738-40 (S.D. Tex. 2002) (Rosenthal, J., memo. & opin.) (following *Stricklin*, district court held hearing on Double Jeopardy motion; received evidence, oral arguments, and briefing; and found issue nonfrivolous). If the Court refuses to withdraw its oral order and conduct a *Stricklin* hearing on the Double Jeopardy issue, the Fifth Circuit likely will have to remand the case for such a hearing. It would be more efficient to conduct that hearing now rather than after a remand.

### III.

After the Court conducts a *Stricklin* hearing on the Double Jeopardy motion—or even if it refuses to conduct a hearing—it should make specific findings of fact and conclusions of law. Otherwise, the Fifth Circuit cannot know the Court's rationale for its ruling. Breimeister requests that the Court make findings and conclusions on the Double Jeopardy issue. *Cf.* FED. R. CIV. P. 52(a)(1) (requiring district court to find facts and state legal conclusions when trying civil action without jury); FED. R. CRIM. P. 23(c) (requiring district court to make specific fact findings upon request when trying criminal case without jury). The Government does not oppose this request.

### IV.

In addition to making findings and conclusions necessary to explain its ruling on the Double Jeopardy motion, Breimeister specifically requests that the Court make a finding that the motion was not frivolous. *See United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980) (*en banc*) ("district courts, in any denial of a double jeopardy motion, should make written findings

determining whether the motion is frivolous or nonfrivolous"); *see also United States v. Kalish*, 690 F.2d 1144, 1147, 1154 (5th Cir. 1982) (reversing district court's finding that Double Jeopardy motion was frivolous; cautioning lower courts to adhere to literal meaning of "frivolous"; and observing that "*Dunbar* was intended to prevent dilatory claims, not colorable ones"). Legal claims are frivolous only when the outcome is "clear" under "long-standing case law" binding in the Circuit. *Angleton*, 221 F.Supp.2d at 737 (citing *United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991)); *see also Richardson v. United States*, 468 U.S. 317, 322 (1984) (although ultimately meritless, defendant raised "colorable" Double Jeopardy issue appealable pretrial under *Abney v. United States*, 431 U.S. 651 (1977), because "colorable claim" presupposes "some possible validity"). The claim was not dilatory, as the case is not even set for retrial at this time.

Breimeister presents a complicated, fact-intensive Double Jeopardy claim with legal issues that are not clearly foreclosed by binding precedent. To the contrary, the claim is novel, compelling, and of first impression in the Fifth Circuit. It is the essence of "nonfrivolous." He requests that the Court so find.

## **CONCLUSION**

Breimeister moves the Court to withdraw its oral order denying the Double Jeopardy motion; order the Government to respond to that motion; conduct a *Stricklin* hearing on the motion; make findings of fact and conclusions of law related to the Double Jeopardy issue; and specifically find that the Double Jeopardy issue is not frivolous. Even if the Court denies the requests to withdraw its oral order denying the Double Jeopardy motion and to conduct a *Stricklin* hearing, it still should make findings and conclusions on the Double Jeopardy issue, including a finding that the issue is not frivolous.

Respectfully submitted,

*/s/ Josh Schaffer*
Josh Schaffer
TBN: 24037439
1021 Main Street, Ste. 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

*/s/ Dan L. Cogdell*
Dan L. Cogdell
TBN: 04501500
1000 Main Street, Suite 2300
Houston, TX 77002
(713) 426-2244
dan@cogdell-law.com

**ATTORNEYS FOR DEFENDANT
SCOTT BREIMEISTER**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the government, Alexander Kramer and Allan Medina, on April 5-6, 2023, and attempted additional conference on April 11, 2023. Medina stated that the Government does not oppose the motion to make findings of fact and conclusions of law but that it does oppose a finding that the Double Jeopardy issue is not frivolous. I tried but was unable to confer with Medina on the motion to withdraw the oral order and conduct a hearing, but I assume that the Government opposes that motion.

*/s/ Josh Schaffer*
Josh Schaffer

## CERTIFICATE OF SERVICE

I certify that I served this motion on counsel of record using the CM/ECF system on April 11, 2023.

*/s/ Josh Schaffer*
Josh Schaffer