IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | Case No. 4:18-CR-00368 |
| SCOTT BREIMEISTER (02) | § | |

**BREIMEISTER'S ADVISORY TO THE COURT REGARDING
THE GOVERNMENT'S INCURABLE CONFLICT OF INTEREST**

TO THE HONORABLE ALFRED H. BENNETT:

Defendant Scott Breimeister files this advisory to the Court regarding the Government's incurable conflict of interest, and would show as follows:

I.

After the Court declared a mistrial *sua sponte*, the Department of Justice (DOJ) assigned Allan Medina and Alexander Kramer of the DOJ Fraud Unit to review what happened and to represent the Government before this Court in post-trial proceedings. They call themselves the "Review Team."

The defendants repeatedly have warned the Court that this "Review Team" labors under an inherent conflict of interest that undermines confidence in the impartiality and reliability of its "internal investigation." Fraud Unit lawyers cannot conduct an impartial investigation of colleagues in their own unit. Imagine if a supervisor and detective assigned to the homicide division of a police agency investigated colleagues in the same division who were accused of misconduct, instead of having Internal Affairs conduct the investigation. At a minimum, an apparent conflict exists, and no reasonable member of the public can have confidence in the outcome of such an investigation. So why should this Court or the defendants? Yet, the Review Team repeatedly has told the Court that there is nothing to worry about and to trust it to conduct a

1

thorough, reliable, unbiased investigation.

Unsurprisingly, Medina and Kramer reported to the Court at status hearings on January 17 and April 4, 2023, that the "Trial Team" did not act intentionally or in bad faith regarding the conduct that caused the mistrial. The Government labels the Court's inquiry as "much ado about nothing," opposes an evidentiary hearing into the matter, and begs the Court to proceed with a retrial without further investigation or consequences. At no time has the "Review Team" disclosed to the Court or the defendants that they labor under any potential or actual conflict of interest that could impede this investigation, including that either Medina or Kramer presently serves as co-counsel with any member of the "Trial Team" on any other case.

II.

Breimeister has discovered on his own—and not because the Government disclosed it—that Kramer, a member of the "Review Team" that is conducting the investigation, and Katherine Raut, a member of the "Trial Team" that is under investigation, are co-counsel for the United States in a pending case: *United States v. Merlo Hidalgo, et al,* case no. 1:22-cr-20311, before the Honorable Kathleen M. Williams in the United States District Court for the Southern District of Florida, Miami Division. Both are listed as counsel for the Government on the clerk's docket report on PACER, and DOJ identified Kramer and Raut as the lead prosecutors in its press release dated July 19, 2022.[1] In fact, Hidalgo pled guilty one week before the most recent status conference in Breimeister's case, and Raut signed the plea agreement **on behalf of herself and Kramer**. *See United States v. Merlo Hidalgo, et al,* case no. 1:22-cr-20311 (S.D. Fla. Mar. 28, 2023) (Doc. 47 at p. 16). Sentencing in that case is set for June 6, 2023.

What are the odds that Kramer would conclude and report to this Court that Raut acted improperly in this case when they currently represent the United States in another case that is in

---

[1] https://www.justice.gov/opa/pr/three-men-charged-ecuadorian-bribery-and-money-laundering-scheme.

2

the home stretch of resolution? Did Kramer and Raut disclose to Judge Williams and defense counsel that he was investigating allegations of her misconduct in this case? The Government withheld this information from this Court and the defendants, and Kramer looked the Court in the eye and said that he could be impartial in his investigation. If he wanted to earn the Court's trust, he should have disclosed that he presently is co-counsel with Raut in another case. That he withheld the relationship demonstrates that the Court cannot trust the "Review Team" at all.

As a result of this conflict and the Government's attempt to hide it from the Court and the defendants, the Court should not rely on any representations made by the "Review Team." It certainly should not deny the defendants' request for an evidentiary hearing in reliance on any information provided by the "Review Team."

## CONCLUSION

The revelation that Kramer and Raut are co-counsel for the Government in a pending case demonstrates why the "Review Team" investigation of the "Trial Team" is conflicted, partial, biased, and unreliable. This Court cannot take what the Government says at face value. In determining how and why the misconduct occurred and what to do about it, the Court should not rely on the "Review Team" investigation as a substitute for an adversarial proceeding at which the defendants can participate. It should grant the pending motion for an evidentiary hearing so the defendants can examine the case agents and, if necessary, the trial prosecutors regarding the misconduct that caused the mistrial.

Respectfully submitted,

*/s/ Josh Schaffer*
Josh Schaffer
TBN:  24037439
1021 Main Street, Ste. 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

*/s/ Dan L. Cogdell*
Dan L. Cogdell
TBN: 04501500
1000 Main Street, Suite 2300
Houston, TX 77002
(713) 426-2244
dan@cogdell-law.com

**ATTORNEYS FOR DEFENDANT SCOTT BREIMEISTER**

## CERTIFICATE OF SERVICE

I certify that I served this motion on counsel of record using the CM/ECF system on April 12, 2023.

*/s/ Josh Schaffer*
Josh Schaffer