IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO. 4:18-CR-00368 |
| SCOTT BREIMEISTER (02) | § | |

**BREIMEISTER'S OPPOSED MOTION FOR THE GOVERNMENT TO DISCLOSE THE REPORTS AND ROUGH NOTES FROM THE WITNESS INTERVIEWS THAT THE "REVIEW TEAM" CONDUCTED WITH MEMBERS OF THE "TRIAL TEAM"**

TO THE HONORABLE ALFRED H. BENNETT:

Defendant Scott Breimeister files this opposed motion for the Government to disclose the reports and rough notes from the witness interviews that the "Review Team" conducted with members of the "Trial Team," and would show as follows:

I.

The Department of Justice (DOJ) "Review Team" reported to the Court and the defendants that, in the course of its internal investigation into what caused the Court to declare a mistrial, it used an agent from the Postal Inspector to interview the case agents and the trial prosecutors who comprised the DOJ "Trial Team." The "Review Team" stated that, after conducting these interviews, it concluded that none of the conduct and mistakes of the "Trial Team" were intentional or done in bad faith. Yet, the "Review Team" also stated that case agent Dino Vergara, whom the trial prosecutors designated to sit at counsel table during the trial, told them that he omitted information contained in his rough notes of witness interviews from his typed reports of those interviews if he (1) did not independently remember the witness saying what he had written in his notes or (2) did not understand his notes. Thus, the Government has now confessed that at least some of the omissions of favorable information from the typed reports were the result of intentional, conscious decisions made by a primary case agent.

1

The reports and rough notes from the witness interviews in the underlying case proved highly informative and valuable to the Court and the defendants in December of 2022. It stands to reason that the reports and rough notes from the witness interviews in the internal investigation will be just as fruitful to the outstanding issues of whether the government engaged in misconduct that should bar a retrial under Double Jeopardy or require dismissal of the superseding indictment based on a violation of Due Process. This deduction is especially sound based on the revelation that a primary case agent admitted to the "Review Team" that he intentionally omitted favorable information from the typed reports of his witness interviews.

II.

Breimeister asked the Government to disclose the reports and rough notes from the witness interviews that the "Review Team" conducted with members of the "Trial Team." The Government refused to produce those materials and opposes this motion.[1]

Breimeister requests that the Court order the Government to disclose this information before the hearing on his Double Jeopardy motion that is scheduled for May 4, 2023. Alternatively, he requests that the Court order disclosure by a specific date before the Court rules on the pending motion to bar a retrial based on Double jeopardy, the motion for an evidentiary hearing, and the motion to dismiss the superseding indictment based on outrageous government misconduct. The information contained in the reports and rough notes will inform the Court's rulings on whether to conduct an evidentiary hearing and whether to bar a retrial or dismiss the superseding indictment.

---

[1] Specifically, the new prosecutor, Daniel Griffin, told counsel that no reports of witness interviews exist at this time, but that rough notes of the interviews do exist. To be clear, even if no reports presently exist, Breimeister requests production of any reports that are created in the future.

## CONCLUSION

The Court should grant this motion and order the Government to disclose the reports and rough notes from the witness interviews that the "Review Team" conducted with members of the "Trial Team."

Respectfully submitted,

*/s/ Josh Schaffer*
Josh Schaffer
TBN:  24037439
1021 Main Street, Ste. 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
josh@joshschafferlaw.com

*/s/ Dan L. Cogdell*
Dan L. Cogdell
TBN:  04501500
1000 Main Street, Suite 2300
Houston, TX 77002
(713) 426-2244
dan@cogdell-law.com

**ATTORNEYS FOR DEFENDANT
SCOTT BREIMEISTER**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for the government, Daniel Griffin, on April 21 and 25, 2023, and he stated that the Government opposes this motion.

*/s/ Josh Schaffer*
Josh Schaffer

## CERTIFICATE OF SERVICE

I certify that I served this motion on counsel of record using the CM/ECF system on April 26, 2023.

*/s/ Josh Schaffer*
Josh Schaffer