UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 18-CR-368 |
| | § | |
| | § | |
| SCOTT BREIMEISTER | § | |
| | § | |
| Defendant. | § | |

**UNITED STATES' OPPOSITION TO DEFENDANT BREIMEISTER'S MOTION FOR THE GOVERNMENT TO DISCLOSE ALL CASES ON WHICH MEMBERS OF THE "REVIEW TEAM" HAVE WORKED WITH MEMBERS OF THE "TRIAL TEAM"**

Defendant Breimeister's Motion for the Government to Disclose All Cases on Which Members of the "Review Team" have worked with Members of the "Trial Team" (hereinafter, the "Motion"), Dkt. No 469, should be denied.[1]  Breimeister cites no law in support of this Motion.  The government has always been clear with this Court and counsel for defendants that the Review Team and the initial Trial team are both comprised of attorneys from the Department of Justice, Fraud Section (hereinafter, the "Fraud Section").  Since the relief requested would not provide any information of use to this Court, and the fact that certain information requested may violate provisions of the Justice Manual, Grand Jury secrecy rules, and harm ongoing criminal investigations, the Motion should be denied.

---

[1] Interestingly, Breimeister requests the Court order this information be provided in advance of an upcoming hearing related to his Double Jeopardy motion scheduled for May 4, 2023.  Any issue regarding the Review Team's relationship to the Trial Team is completely irrelevant to the issue at stake regarding the Double Jeopardy motion, namely whether defendants timely objected to the declaration of a mistrial and whether there was a manifest necessity to declare one.  Indeed, counsel for Breimeister informed the Court at the April 4, 2023, Hearing that the Court did not need to hold an evidentiary hearing regarding the Double Jeopardy motion, indicating that even in defense counsel's view, there were no facts to develop relevant to the Court's inquiry. *See* April 4, 2023, Hearing Tr. 64:24 to 65:2.

The Motion states, the "defendants have cautioned the Court that the 'Review Team' labors under an inherent conflict of interest…because Fraud Unit lawyers cannot impartially investigate colleagues of their own." Motion at 1. Defendants have belabored this argument to the Court in various filings and hearings related to their request to depose or seek testimony during an evidentiary hearing of government agents and prosecutors. During the April 4, 2023, Hearing, counsel for McAda argued to the Court that "bosses of the trial team" could not conduct an objective investigation of "subordinates" or colleagues, stating he could not have done so when he was an AUSA or even now, in a law firm. April 4, 2023, Hearing Tr. 74:9 – 75:5. Breimeister's claim in his Motion is not new.

In theoretical support of his Motion, Breimeister notes that he recently filed a notice (Dkt. No. 459), informing the Court that Mr. Kramer of the Review Team and Ms. Raut, a member of the initial Trial Team, are listed publicly as co-counsel on a case in the Southern District of Florida and that this creates some insurmountable conflict. Again, the fact that the members of the Review Team supervise and work with members of the Trial Team is not news. In fact, the Review Team has made clear from the beginning we are all part of the same Fraud Section. During the January 17, 2023, Hearing, the Review Team informed the Court that Fraud Section leadership tasked them with looking into the issues that led to the declaration of a mistrial in this case. January 17, 2023, Hearing Tr. 11:2-11. During that hearing, this Court did the same. *See* April 4, 2023, Hearing Tr. 90:21-23.

Mr. Medina is a Senior Deputy Chief in the Fraud Section who is responsible for supervising and overseeing a variety of matters, including matters prosecuted by the Trial Team. Prior to that role, Mr. Medina was the Chief of the Health Care Fraud Unit and was responsible for overseeing matters prosecuted by Ms. Remis and Mr. Helfmeyer. During the January 17,

2023, Hearing, Mr. Kramer was introduced as an Assistant Chief in the Foreign Corrupt

Practices Act ("FCPA") Unit.  January 17, 2023, Hearing Tr. 11:8-11.  Ms. Raut is also assigned

to this unit. *See* United States Bench Memorandum Dkt. No. 411, pg. 2, fn. 2.  In that role, Mr.

Kramer works with and supervises Ms. Raut and some of her cases.  Prior to his role as an

Assistant Chief, Mr. Kramer was a Trial Attorney in the FCPA Unit and was assigned to some

matters with Ms. Raut.

During the January 17, 2023, Hearing, the Review Team made clear that their review

into the issues that gave rise to the declaration of a mistrial was an important issue for the Fraud

Section, in part because these individuals are Department of Justice prosecutors and we have a

vested interest in finding out what happened.  *See* January 17, 2023, Hearing Tr. 11:12-14 ("it is

paramount to determine what happened"); *Id*. at Tr. 11:21-22 ("We have a high standard for

people who walk in this courtroom and represent the United States."); *Id*. at Tr. 14:7-8 ("We

want to make sure that people have confidence in the department and as officers of the Court.").

Following questions from counsel for defendants regarding the Review Team's ability to

be impartial, this Court directed a pointed question at the Review Team on this very issue.  This

Court asked: "What say you to that point about having the ability of someone to come in, and I

am not saying that your investigation has shortcomings because of any bias or prejudice that you

may have, but for purposes of addressing their fears, that a complete investigation could not be

done by DOJ of itself and of its prosecutor? What say you, sir?"  April 4, 2023, Hearing Tr.

90:6-14.  The Review Team acknowledged they work with these prosecutors in the Fraud

Section but that the review was not limited, stating they hold these prosecutors to a high

standard.  *Id*. Tr. 91:2-7 ("And I do not believe that we were in any way, shape, or form curtailed

or limited because we happen to work within the same [F]raud [S]ection as these individuals, or

know them. We hold them to a high standard, and perhaps, candidly, a higher standard than others.").

The government has never hidden the connection between the Review Team and the Trial Team. Breimeister's request for the government to "disclose all cases—past, pending, and ongoing investigations that have not yet resulted in charges—on which one or more members of the 'Review Team' represented the Government along with one or members of the 'Trial Team'" (Motion at 2) is a red herring and would provide no useful information to defendants or the Court. Further, Breimeister cites no law in support for this extraordinary request. Indeed, seeking information about ongoing investigations, regardless of whether aliases might be used, conflicts with the government's significant interest in protecting ongoing investigations and the privacy interests of the individuals and entities that may be subject of the Fraud Section's inquiry. *See* Justice Manual § 9-27.760 ("[F]ederal prosecutors should remain sensitive to the privacy interests and reputational interests of un-charged third parties . . . [and that] there is ordinarily 'no legitimate governmental interest served' by the government's public allegation of wrongdoing by an uncharged party."). To the extent the request seeks information related to grand jury investigations, the request may also violate grand jury secrecy rules. Fed. Rule Crim. Proc. 6(e). Further, to the extent the request seeks information about individuals who have not been charged, there is significant public interest in not identifying those individuals. *See* Justice Manual Justice Manual § 9-27.760; *Id*. at § 9-11.130 ("In the absence of some significant justification, federal prosecutors generally should not identify unindicted co-conspirators in conspiracy indictments."). The practice of naming unindicted co-conspirators in an indictment has been severely criticized in the Fifth Circuit. *United States v. Briggs*, 514 F.2d 794 (5th Cir. 1975). It stands to reason that naming unindicted individuals publicly would similarly draw ire.

Breimeister's Motion seeks information he is not entitled to and, unsurprisingly, provides no legal basis justifying his request.  Additionally, the information sought provides nothing of use to defendants or the Court.  The government has always been clear that the Review Team and Trial Team are part of the same Fraud Section.  For these reasons and those addressed above, the Motion should be denied.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:      /s/ Alexander Kramer
           Alexander J. Kramer
           Assistant Chief
           Allan J. Medina
           Senior Deputy Chief
           Fraud Section, Criminal Division
           U.S. Department of Justice
           1000 Louisiana, Suite 2300
           Houston, Texas 77002
           (202) 768-1919
           Alexander.Kramer@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on April 28, 2023.

_/s/ Alexander Kramer_
Alexander J. Kramer