UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § § § |
| v. | §   **Criminal No. 18-CR-368** § |
| **BRIAN SWIENCINKSI,** **SCOTT BREIMEISTER,** **CHRISTOPHER INCE, and** **RONNIE MCADA,** | § § § § § § |
| **Defendants.** | § § |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT BREIMEISTER'S MOTION TO ORDER THE GOVERNMENT TO PAY THE COST OF THE APPEAL TRANSCRIPTS (DKT. NO. 535)

Defendant Scott Breimeister moves the Court "to order the Fraud Unit [sic] of the Criminal Division of the Department of Justice to pay the cost of the transcripts for the appeal." Dkt. No. 535 at 1. Defendant cites no legal authority in support of his motion, and there is no apparent legal basis to compel the government to pay his transcript costs under these circumstances. Defendant's motion should therefore be denied.

As an initial matter, Defendant's motion offers no rule, statute, case law, or other legal authority to support the relief he requests. The moving party bears the burden of establishing his entitlement to relief. *See, e.g.*, CrLR 12.2 ("A pretrial motion shall . . . state specifically the basis for the motion" and "shall be supported by a statement of authority."); *cf. United States v. Truesdale*, 211 F.3d 898, 908 (5th Cir. 2000) (recognizing that defendants "bear the burden of proof under the Hyde Amendment to show by a preponderance of the evidence that the government's position was vexatious, frivolous, or in bad faith"). Here, no legal basis for relief is offered at all, and the motion should be denied accordingly.

1

However, even if the Court were to entertain Defendant's motion despite this defect, the statutory authorities that permit the coverage of transcript costs of criminal defendants are inapplicable here. First, the Hyde Amendment only permits the award of "other litigation expenses" for the "prevailing party" where, *inter alia*, "the court finds that the position of the United States was vexatious, frivolous, or in bad faith." Pub. L. No. 105-119, § 617, 111 Stat. 2440 (1997). Here, Defendant has not "prevailed" on the merits, and the Court did not find that the mistrial resulted from intentional misconduct or "bad faith". *See* Dkt. No. 513 ("[T]he prosecutors did not withhold the legally required *Brady* disclosures with nefarious intent or motive.").

Second, the Criminal Justice Act only covers transcript costs for indigent defendants. *See* 18 U.S.C. § 3006A(e)(1) ("Counsel for a person who is *financially unable* to obtain investigative, expert, or other services necessary for adequate representation may request them in an *ex parte* application.") (emphasis added); *see also* United *States v. Pulido*, 879 F.2d 1255, 1256–57 (5th Cir.1989) ("An indigent defendant has both a constitutional and a statutory right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding.").

Third, in cases not proceeding under the Criminal Justice Act or in habeas corpus proceedings, the United States is only required to cover transcript fees where the litigant is "permitted to appeal in forma pauperis" and the "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Here, the Defendant has not received permission to proceed in forma pauperis, and—even if Defendant's appeal falls within the ambit of 28 U.S.C. § 753(f)—no judge has certified his appeal as presenting a "substantial question."

Because Defendant offers no legal authority in support of his motion and there is no apparent authority that would allow a non-prevailing, non-indigent Defendant to foist the fees of his appeal on the Government, Defendant's motion must be denied.

                                           Respectfully submitted,

                                           ALAMDAR S. HAMDANI
                                           UNITED STATES ATTORNEY

                        By:     */s/ Daniel J. Griffin*
                                         Daniel J. Griffin
                                         Assistant Chief
                                         Kelly M. Warner
                                         Trial Attorney
                                         Nicholas K. Peone
                                         Trial Attorney
                                         Fraud Section, Criminal Division
                                         U.S. Department of Justice
                                         1000 Louisiana, Suite 2300
                                         Houston, Texas 77002
                                         (202) 774-7985
                                         Daniel.Griffin3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed through ECF on August 8, 2023.

                                      */s/ Daniel J. Griffin*
                                      Daniel J. Griffin
                                      Assistant Chief
                                      Fraud Section, Criminal Division
                                      U.S. Department of Justice