UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 18-CR-368 |
| § | |
| SCOTT BREIMEISTER, § | |
| § | |
| Defendant. § | |

### UNITED STATES' UNOPPOSED MOTION FOR SCHEDULING ORDER

The United States, by and through the undersigned counsel, respectfully submits this Unopposed Motion for Scheduling Order as to Defendant Scott Breimeister ("Breimeister"), seeking that this Court (i) enter a scheduling order setting this matter for a status hearing on or about October 14, 2025, and (ii) rule that the time through and including the status hearing date is excludable pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act").

### BACKGROUND

On October 23, 2019, five defendants were charged by Superseding Indictment. (DE 111). On November 8, 2022, trial commenced. On December 13, 2022, the Court declared a mistrial. *See* Tr. Trans. 12/13/22 at 9–13. Following the declaration of mistrial, Breimeister filed, *inter alia*, a motion to dismiss the indictment under the Double Jeopardy Clause of the U.S. Constitution. (*See* DE 428). Three other defendants eventually filed their own motions on the same grounds, or joined in Breimeister's motion. (*See* DE 439 (Swiencinski), 444 (McAda), 464 (Ince)). On June 27, 2023, the Court denied the defendants' motions for dismissal. (*See* DE 413).

On July 7, 2023, Breimeister filed a notice of appeal to the Fifth Circuit Court of Appeals. (DE 515; US Cir. Ct. of Appeals, 5th Circuit, No. 23-20326 ("App. Ct.")). On February 5, 2025, the Fifth Circuit held oral argument. (App. Ct. DE 112). On April 7, 2025, the Fifth Circuit affirmed this Court's ruling that the Double Jeopardy Clause does not preclude a second trial.

1

(App. Ct. DE 116).  On May 5, 2025, the Fifth Circuit Court of Appeals declined to rehear the case en banc.  (App. Ct. DE 125).  On May 22, 2025, the Fifth Circuit Court of Appeals issued the mandate, thus sending this matter back to this Court.  (App. Ct. DE 134-1).

In a court document, Breimeister has stated his intent to file a petition for a writ of certiorari with the Supreme Court.  (App. Ct. DE 127 ("Appellant intends to file a petition for a writ of certiorari in the United States Supreme Court[.]")).  Such a petition must be filed within 90 days of the entry of the order sought to be reviewed, or by August 5, 2025.  S. Ct. R. 13; *see also Clay v. United States*, 537 U.S. 522, 525 (2003) ("The time in which he could have petitioned for certiorari expired on February 22, 1999, 90 days after entry of the Court of Appeals' judgment").  The opening conference for the Supreme Court October Term is September 29, 2025.

## LEGAL STANDARD

Under the Act, following the declaration of a mistrial, "trial shall commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(e).  Periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing time limitations under such circumstances.  *See* 18 U.S.C. § 3161(e).

The time during which a certiorari petition from a court of appeals decision is pending is excludable pursuant to 18 U.S.C. § 3161(h)(1)(C).  *See United States v. Pete*, 525 F.3d 844, 849-50 (9th Cir. 2008) (holding, under the prior version of 18 U.S.C. § 3161(h)(1)(C), that time is excluded automatically when a petition for writ of certiorari is filed).  Moreover, allowable justifications for delay include when the ends of justice are served by exclusion.  *See* 18 U.S.C. § 3161(h)(7).

## ARGUMENT

I.  **The Government Requests the Court Enter a Scheduling Order.**

First, the government respectfully requests that this Court set a status conference for a date on or about October 14, 2025, which will provide time for the Supreme Court to consider the petition for certiorari that Breimeister has stated he intends to file. Providing this additional time will allow the parties to fully inform this Court of the status of Breimeister's petition to the Supreme Court, and will avoid this matter moving forward in this Court prior to the Supreme Court having an opportunity to rule upon Breimeister's anticipated petition.

In addition, the government anticipates Breimeister may request additional pre-trial relief regarding the evidence to be presented at any subsequent trial. Setting the matter for status after Breimeister has had an opportunity to pursue relief in the Supreme Court will allow Breimeister sufficient time to consider the status of the matter and present those anticipated requests to the Court.

II. **The Government Requests Time Be Excluded Under the Speedy Trial Act.**

Next, the government respectfully requests that the Court find that time between May 22, 2025, through and including the date on which a status hearing is set constitutes excludable delay under the Act, pursuant to either 18 U.S.C. § 3161(h)(1)(C) or § 3161(h)(7).

A.  **Time is Excludable Pursuant to 18 U.S.C. § 3161(h)(1)(C).**

Breimeister is entitled to and has indicated his intent to file a petition for writ of certiorari from the ruling of the Fifth Circuit to the Supreme Court. In *Pete*, the court held that, on the basis of the defendant "clearly announc[ing] in a court document an intention to file a certiorari petition, the time following such an announcement is excludable" under the Act. 525 F.3d 845. The court further held that time was automatically excludable until "(1) the defendant formally disclaims that intent; (2) the period for filing a petition for writ of certiorari expires; (3) the petition is filed

but denied; or (4) the petition is granted, decided on the merits, and any further court of appeals proceedings are concluded." *Id*. The court based this ruling, which it described as the "least awkward and most practical interpretation" of the Act, on the government's lack of control over the defendant's choice. *Id*.

Similarly here, the government has no control over the date on which Breimeister chooses to file his petition, which could occur as late as September 5, 2025, twenty days *after* the government would otherwise be required under the Act to proceed to trial. Instead, finding that 18 U.S.C. § 3161(h)(1)(C) automatically applies as soon as the defendant has stated his intent to file a petition is the most practical interpretation of the Act. Thus, the government requests that the Court find that the Act automatically applies upon this Court's receipt of the matter following the issuance of the mandate, and time through the status hearing is thus excluded.

### B. Time is Excludable Pursuant to 18 U.S.C. § 3161(h)(7).

An "ends-of-justice" continuance allows a district court to toll the speedy trial clock if it finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When determining whether to grant an ends-of-justice continuance, the district court must consider various factors, including, *inter alia*, "[w]hether the failure to grant such a continuance . . . would result in a miscarriage of justice" and "[w]hether . . . due to . . . the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section[.]" The Court is further required to consider "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of

4

novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(i)–(ii). In *Zedner v. United States*, 547 U.S. 489, 497 (2006), the Supreme Court observed that the Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."

This is a complex case. The initial trial of this matter spanned four weeks and 19 trial days. Over 20 witnesses were called by the government. While the case proceeding to trial against Breimeister is likely to be more narrow and streamlined, there are still a number of complex issues and witnesses. Moreover, Breimeister has indicated he intends to file pre-trial motions requesting certain evidentiary findings. He should not be required to file those requests while waiting to hear whether the Supreme Court plans to grant his petition.

Accordingly, the government requests the Court rule that, pursuant to 18 U.S.C. § 3161(h)(7), time from May 22, 2025, through and including the date on which this matter is set for a status conference is properly excludable from the speedy trial clock applicable to Breimeister, due to the time for the anticipated petition for certiorari by Breimeister, the complexity of the claims against Breimeister, and Breimeister's anticipated pre-trial requests that will relate to the evidence presented at trial, such that the ends of justice are served by the exclusion of time.

## **CONCLUSION**

For these reasons, the government respectfully requests that this Court enter an Order setting a status conference for on or about October 14, 2025, and holding that time from May 22, 2025, through the date on which the status conference occurs constitutes excludable delay under 18 U.S.C. § 3161(h).

        Respectfully submitted,

        NICHOLAS J. GANJEI
        UNITED STATES ATTORNEY

By:     */s/ Kelly M. Warner*
        Kelly M. Warner
        Trial Attorney
        Nicholas K. Peone
        Trial Attorney
        Fraud Section, Criminal Division
        U.S. Department of Justice
        1000 Louisiana, Suite 2300
        Houston, Texas 77002
        (202) 603-3180
        kelly.warner@usdoj.gov

Dated: May 23, 2025

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 20, 2025, counsel for the United States consulted with counsel for the Defendant Scott Breimeister, who indicated he does not oppose the relief sought.

*/s/ Kelly M. Warner*
Kelly M. Warner
