UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No. 18-CR-368 |
| § | |
| SCOTT BREIMEISTER, § | |
| § | |
| Defendant. § | |

**UNOPPOSED MOTION TO RESET STATUS DATE AND EXCLUDE TIME**

The United States, by and through the undersigned counsel, respectfully submits this unopposed motion seeking that this Court (i) enter a scheduling order setting this matter for a status hearing on or about December 15, 2025, and (ii) rule that the time through and including the reset status hearing date is excludable pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), in order to allow sufficient time for the United States Supreme Court to consider and rule upon Breimeister's anticipated petition for writ of certiorari, which is due on October 2, 2025.

**BACKGROUND**

On October 23, 2019, five defendants were charged by Superseding Indictment. (DE 111). On November 8, 2022, trial commenced. On December 13, 2022, the Court declared a mistrial. *See* Tr. Trans. 12/13/22 at 9–13. Following the declaration of mistrial, Breimeister filed, *inter alia*, a motion to dismiss the indictment under the Double Jeopardy Clause of the U.S. Constitution. (*See* DE 428). Three other defendants eventually filed their own motions on the same grounds, or joined in Breimeister's motion. (*See* DE 439 (Swiencinski), 444 (McAda), 464 (Ince)). On June 27, 2023, the Court denied the defendants' motions for dismissal. (*See* DE 413).

On July 7, 2023, Breimeister filed a notice of appeal to the Fifth Circuit Court of Appeals. (DE 515; US Cir. Ct. of Appeals, 5th Circuit, No. 23-20326 ("App. Ct.")). On February 5, 2025, the Fifth Circuit held oral argument. (App. Ct. DE 112). On April 7, 2025, the Fifth Circuit

1

affirmed this Court's ruling that the Double Jeopardy Clause does not preclude a second trial. (App. Ct. DE 116). On May 5, 2025, the Fifth Circuit Court of Appeals declined to rehear the case en banc. (App. Ct. DE 125). On May 22, 2025, the Fifth Circuit Court of Appeals issued the mandate, thus sending this matter back to this Court. (App. Ct. DE 134-1). In filings with the Court of Appeals, Breimeister indicated his intent to file a petition for writ of certiorari with the Supreme Court.

In June, the government filed an unopposed motion for this Court to set a status hearing and exclude time, based upon the parties' then-current understanding of the timeframe for the Supreme Court's consideration of Breimeister's petition, which at that time was due on August 3, 2025. (DE 705). On June 20, 2025, this Court set a status hearing for October 17, 2025. (DE 706).

In July, Breimeister sought an unopposed extension of the time within which he was to file his petition for certiorari through and including October 2, 2025, which the Supreme Court has granted. (App. Ct. DE 135). The parties anticipate that the Supreme Court will not rule on Breimeister's petition prior to the status hearing set for October 17, 2025.

## LEGAL STANDARD

Under the Act, following the declaration of a mistrial, "trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing time limitations under such circumstances. *See* 18 U.S.C. § 3161(e).

The time during which a certiorari petition from a court of appeals decision is pending is excludable pursuant to 18 U.S.C. § 3161(h)(1)(C). *See United States v. Pete*, 525 F.3d 844, 849–50 (9th Cir. 2008) (holding, under the prior version of 18 U.S.C. § 3161(h)(1)(C), that time is excluded automatically when a petition for writ of certiorari is filed). Moreover, allowable

justifications for delay include when the ends of justice are served by exclusion. *See* 18 U.S.C. § 3161(h)(7).

## ARGUMENT

**I.       The Government Requests the Court Enter a Scheduling Order.**

First, the government respectfully requests that this Court continue the status conference currently set for October 17, 2025, through and including December 15, 2025, which will provide time for the Supreme Court to consider the petition for certiorari that Breimeister has stated he intends to file. Providing this additional time will allow the parties to fully inform this Court of the status of Breimeister's petition to the Supreme Court, and will avoid this matter moving forward in this Court prior to the Supreme Court having an opportunity to rule upon Breimeister's anticipated petition.

In addition, the government anticipates Breimeister may request additional pre-trial relief regarding the evidence to be presented at any subsequent trial. Setting the matter for status after Breimeister has had an opportunity to pursue relief in the Supreme Court will allow Breimeister sufficient time to consider the status of the matter and present those anticipated requests to the Court.

**II.      The Government Requests Time Be Excluded Under the Speedy Trial Act.**

Next, the government respectfully requests that the Court find that time between October 17, 2025, through and including the date on which a status hearing occurs constitutes excludable delay under the Act, pursuant to either 18 U.S.C. § 3161(h)(1)(C) or § 3161(h)(7).

In June, when ruling on the government's Unopposed Motion for Scheduling Order (DE 705), this Court ruled that the time between May 22, 2025, and October 17, 2025, constitutes excludable delay under 18 U.S.C. § 3161(h). (DE 706). The same rationale applies again here to exclude time through the date on which the Court next sets this matter for status.

### A. Time is Excludable Pursuant to 18 U.S.C. § 3161(h)(1)(C).

Breimeister is entitled to and has indicated his intent to file a petition for writ of certiorari from the ruling of the Fifth Circuit to the Supreme Court. In *Pete*, the court held that, on the basis of the defendant "clearly announc[ing] in a court document an intention to file a certiorari petition, the time following such an announcement is excludable" under the Act. 525 F.3d 845. The court further held that time was automatically excludable until "(1) the defendant formally disclaims that intent; (2) the period for filing a petition for writ of certiorari expires; (3) the petition is filed but denied; or (4) the petition is granted, decided on the merits, and any further court of appeals proceedings are concluded." *Id*. The court based this ruling, which it described as the "least awkward and most practical interpretation" of the Act, on the government's lack of control over the defendant's choice. *Id*.

Consistent with *Pete*, this Court previously held that 18 U.S.C. § 3161(h)(1)(C) automatically applies as soon as the defendant has stated his intent to file a petition. For the same reasons and based on the same rationale, the government requests that time through a continued status hearing is again excluded.

### B. Time is Excludable Pursuant to 18 U.S.C. § 3161(h)(7).

An "ends-of-justice" continuance allows a district court to toll the speedy trial clock if it finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When determining whether to grant an ends-of-justice continuance, the district court must consider various factors, including, *inter alia*, "[w]hether the failure to grant such a continuance . . . would result in a miscarriage of justice" and "[w]hether . . . due to . . . the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within

4

the time limits established by this section[.]" The Court is further required to consider "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," and "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(i)–(ii). In *Zedner v. United States*, 547 U.S. 489, 497 (2006), the Supreme Court observed that the Act "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases."

This Court previously held that the time through October 17, 2025, was properly excluded pursuant to 18 U.S.C. § 3161(h)(7), in light of Breimeister's anticipated petition for certiorari, the ends of justice served by setting the matter for status outweigh the interest of the public and defendant in a speedy trial. (DE 706). For the same reasons and based on the same rationale, the government requests that time through a continued status hearing be excluded.

## **CONCLUSION**

For these reasons, the government respectfully requests that this Court enter an Order setting a status conference for on or about December 15, 2025, and holding that time from October 17, 2025, through the date on which the status conference occurs constitutes excludable delay under 18 U.S.C. § 3161(h).

Respectfully submitted,

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY

By:   */s/ Kelly M. Warner*
    Kelly M. Warner
    Trial Attorney
    Nicholas K. Peone
    Trial Attorney
    Fraud Section, Criminal Division
    U.S. Department of Justice
    1000 Louisiana, Suite 2300
    Houston, Texas 77002
    (202) 603-3180
    kelly.warner@usdoj.gov

Dated: September 30, 2025

6

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 29, 2025, counsel for the United States consulted with counsel for the Defendant Scott Breimeister, who indicated he does not oppose the relief sought.

> */s/ Kelly M. Warner*
> Kelly M. Warner