UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Criminal No. 18-CR-368 |
| § | |
| SCOTT BREIMEISTER, § | Hon. Alfred H. Bennett |
| § | |
| Defendant. § | |

### UNOPPOSED MOTION TO RESET STATUS DATE AND EXCLUDE TIME

The United States, by and through the undersigned counsel, respectfully submits this unopposed motion seeking that this Court (i) enter a scheduling order setting this matter for a status hearing on or about March 20, 2026, and (ii) rule that the time through and including the reset status hearing date is excludable pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), in order to allow sufficient time for the United States Supreme Court to continue consideration of defendant Scott Breimeister's petition for writ of certiorari, which is currently pending with the Court.

### BACKGROUND

On October 23, 2019, five defendants were charged by Superseding Indictment. (DE 111). On November 8, 2022, trial commenced. On December 13, 2022, the Court declared a mistrial. *See* Tr. Trans. 12/13/22 at 9–13. Following the declaration of mistrial, Breimeister filed, *inter alia*, a motion to dismiss the indictment under the Double Jeopardy Clause of the U.S. Constitution. (*See* DE 428). Three other defendants eventually filed their own motions on the same grounds, or joined in Breimeister's motion. (*See* DE 439 (Swiencinski), 444 (McAda), 464 (Ince)). On June 27, 2023, the Court denied the defendants' motions for dismissal. (*See* DE 413).

On July 7, 2023, Breimeister filed a notice of appeal to the Fifth Circuit Court of Appeals. (DE 515; US Cir. Ct. of Appeals, 5th Circuit, No. 23-20326 ("App. Ct.")). On February 5, 2025,

1

the Fifth Circuit held oral argument. (App. Ct. DE 112). On April 7, 2025, the Fifth Circuit affirmed this Court's ruling that the Double Jeopardy Clause does not preclude a second trial. (App. Ct. DE 116). On May 5, 2025, the Fifth Circuit Court of Appeals declined to rehear the case en banc. (App. Ct. DE 125). On May 22, 2025, the Fifth Circuit Court of Appeals issued the mandate, thus sending this matter back to this Court. (App. Ct. DE 134-1).

On October 2, 2025, Breimeister filed his Petition with the Supreme Court. (Case No. 25-407). On November 3, 2025, the Court requested that the government respond to the Petition. On November 24, 2025, the government filed an unopposed request for an extension of time within which to file a response to the Petition, seeking through and including January 2, 2026. On November 25, 2025, the Court granted the government's request. Accordingly, the Supreme Court will not have had an opportunity to consider or rule upon the Petition by the current date of the status conference (i.e., December 19, 2025).

## ARGUMENT

For the reasons discussed in the government's prior unopposed requests to set and then continue the status date (DE 705, 709), the time during which a certiorari petition from a court of appeals decision is pending is excludable pursuant to 18 U.S.C. § 3161(h)(1)(C). *See United States v. Pete*, 525 F.3d 844, 849–50 (9th Cir. 2008) (holding, under the prior version of 18 U.S.C. § 3161(h)(1)(C), that time is excluded automatically when a petition for writ of certiorari is filed). Moreover, allowable justifications for delay include when the ends of justice are served by exclusion. *See* 18 U.S.C. § 3161(h)(7).

Consistent with its prior rulings (DE 706, 710), the government respectfully requests that this Court (i) continue the status conference currently set for December 19, 2025, through and including on or about March 20, 2026, and (ii) find that time between December 19, 2025, through

and including the date on which a status hearing occurs constitutes excludable delay under the Act, pursuant to either 18 U.S.C. § 3161(h)(1)(C) or § 3161(h)(7).

## CONCLUSION

For these reasons, the government respectfully requests that this Court (i) enter an Order setting a status conference for on or about March 20, 2026, and (ii) holding that the time from December 19, 2025, through the date on which the status conference occurs constitutes excludable delay under 18 U.S.C. § 3161(h).

Dated: December 1, 2025                    Respectfully submitted,

                                                      NICHOLAS J. GANJEI
                                                     UNITED STATES ATTORNEY

By:    */s/ Kelly M. Warner*
      Kelly M. Warner
      Nicholas K. Peone
      Trial Attorneys
      Fraud Section, Criminal Division
      U.S. Department of Justice
      1000 Louisiana, Suite 2300
      Houston, Texas 77002
      (202) 603-3180
      kelly.warner@usdoj.gov

## CERTIFICATE OF CONFERENCE

  I hereby certify that on November 26, 2025, counsel for the United States consulted with counsel for the Defendant Scott Breimeister, who indicated he does not oppose the relief sought.

                */s/ Kelly M. Warner*
                Kelly M. Warner